IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CINNAMON SQUARE PROPERTY OWNERS ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 10-3109-CV-S-ODS |
| GAF-ELK CORPORATION, et al., | ) ) | |
| Defendants. | ) | |

## ORDER AND OPINION DENYING MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

Pending is Defendants' motion asking that the Complaint be dismissed or, alternatively, that Plaintiff be required to provide a more definite statement. The motion (Doc. # 8) is denied in its entirety.

According to the Complaint, Plaintiff manages and owns residential town homes and condominiums in Springfield, Missouri. Complaint, ¶ 1. Defendants are related entities that manufacture roofing tiles. Complaint, ¶ 7. Plaintiff purchased roofing tiles manufactured by Defendants and used them to replace the tiles on its buildings at various times (depending on the building) between 1998 and 2001. Complaint, ¶¶ 9-12. Some of the roofs began leaking, necessitating the replacement of the roofs at a cost (as of the date of the Complaint) of nearly $282,000. Complaint, ¶¶ 13-14. Plaintiff brought this suit, asserting claims for products liability, negligence, violation of the Missouri Merchandising Practices Act, and breach of warranties.

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss,

the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Defendants contend Plaintiffs have failed to state a claim because they have not alleged the dates the roofs began to leak, so the case should be dismissed or Plaintiffs should be required to file a more definite statement or amended complaint providing this information. The Court is unpersuaded. The information may be discoverable, and it may be relevant, but the factual detail expected by Defendant is inconsistent with the concept of notice pleading – even after Iqbal and Twombley. The Complaint contains factual content that allows a reasonable inference that Defendants are liable for the claims alleged, and fairly advises Defendants of the claims made against them. There is no basis for dismissing the Complaint or requiring more details in its claims.

IT IS SO ORDERED.

        /s/ Ortrie D. Smith  
        ORTRIE D. SMITH, JUDGE  
DATE: September 13, 2010        UNITED STATES DISTRICT COURT